```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAUN CREWS,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         16-CV-7209(JS)(SIL)

CVS INCORPORATED, MIDAS
INCORPORATED, and SCPO MATHEWS
CODY Badge #6430/710/3,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shaun Crews, pro se
                    16-A-5017
                    Great Meadow Correctional Facility
                    P.O. Box 51
                    Comstock, NY 12821-0051

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On December 27, 2016, incarcerated pro se plaintiff Shaun Crews ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against CVS Incorporated ("CVS"), Midas Incorporated ("Midas"), and Suffolk County Police Officer Mathews Cody, Badge #6430/710/3 ("P.O. Mathews"[1] and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the

---

[1] Plaintiff spells this Defendant's name inconsistently throughout the Complaint. The caption reads "Mathews Cody", the "Defendants" section of the Complaint reads "Mattews Cody", and the body of the Complaint refers to this Defendant as Officer "Mathews". (Compl. ¶ II.) For clarity, the Court will refer to this Defendant as "P.O. Mathews".

application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED AS AGAINST CVS INC. AND MIDAS INC. pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

BACKGROUND[2]

Plaintiff's brief Complaint, alleges, that he was assaulted by employees from CVS and Midas as well as P.O. Cody on February 29, 2016. (Compl. ¶ II.) According to the Complaint, Plaintiff was followed from a CVS store by a CVS employee to a Midas store and the CVS employee accused Plaintiff of stealing merchandise from the CVS store. (Compl. ¶ II.) Plaintiff alleges that the CVS employee "pushed [him] to the ground causing [him] back and knee pain." (Compl. ¶ II.) At that point, Plaintiff describes that the "owner of the Midas" came over and hit Plaintiff as he tried to get up from the ground. (Compl. ¶ II.) Plaintiff fell back down but then "managed to get back up and flee on my bike." (Compl. ¶ II.) Plaintiff was then "detained by Suffolk County Police which now I know as SCPO Cody Mathews #6430/710/3."

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

(Compl. ¶ II.) According to the Complaint, P.O. Cody instructed Plaintiff "to sit on the ground which I refused thats when Officer Cody Mathews grabbed and then hit me in my testicles. I fell to the ground thats when he hit me in my back." (Compl. ¶ II.) Plaintiff also alleges that he was "called derogatory words" and racial slurs. (Compl. at 5.) According to the Complaint, Plaintiff was taken to Southside Hospital for medical treatment after this incident on February 29, 2016 and that he continued to receive medical treatment at the Suffolk County Correctional Facility. (Compl. ¶¶ II, II.A, and at 5.)

Plaintiff also claims that he complained to Internal Affairs about the incident described above and although the investigation "by Lt. Lutz of Suffolk County Headquarters" concluded that there was "a violation of [Plaintiff's] civil rights", "it was covered up." (Compl. at 5.) For relief, Plaintiff seeks to recover a monetary award of $150,000 from each Defendant. (Compl. ¶ III.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

3

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co., Inc.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against CVS and Midas

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that

5

the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as CVS and Midas, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id.

at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Plaintiff does not allege that CVS and/or Midas, both of which are private entities, acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, in the absence of any state action, Plaintiff's Section 1983 claims against CVS and Midas are not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claims against CVS and Midas are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). However, the dismissal of Plaintiff's Section 1983 claims against CVS and Midas is without prejudice to Plaintiff pursuing any valid state law claims Plaintiff may have against these entities in state court.

B. Claim Against P.O. Mathews

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against P.O. Mathews at this early stage in the proceedings. Accordingly, the Court ORDERS that the Clerk of the Court issue a summons for P.O. Mathews and DIRECTS that the summons, together with copies of the Complaint and this Order be forwarded to the United States Marshal Service for service upon P.O. Mathews forthwith.

CONCLUSION

For the reasons set forth above, Plaintiff's application

7

to proceed in forma pauperis is GRANTED, however Plaintiff's Section 1983 claims against CVS and Midas are sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, such dismissal is without prejudice to Plaintiff pursuing any valid claims he may have against CVS and Midas in state court. Plaintiff's claims against P.O. Mathews shall proceed. Accordingly, the Court ORDERS that the Clerk of the Court issue a summons for P.O. Mathews and DIRECTS that the summons together with copies of the Complaint and this Order be forwarded to the United States Marshal Service for service upon P.O. Mathews forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __6__, 2017
      Central Islip, New York