UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAUN CREWS,

                              Plaintiff,         **REPORT AND**
-against-                                 **RECOMMENDATION**

SCPO MATTHEWS CODY                    16-CV-7209 (JS)(SIL)
*Badge # 6430/710/3*,

                              Defendant.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint filed on December 27, 2016, incarcerated *pro se* Plaintiff Shaun Crews ("Plaintiff" or "Crews") commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Suffolk County Police Officer Cody Matthews (sued herein as Matthews Cody Badge #6430/710/3) ("Defendant" or "Officer Matthews"). *See* Complaint ("Compl."), Docket Entry ("DE") [1].[1]  Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Officer Matthews's motion for summary judgment dismissing this action pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* DE [55].  For the reasons set forth herein, the Court respectfully recommends denying the motion in its entirety.

---

[1] Also named as Defendants were CVS Incorperated (*sic*) and Midas Incorperated (*sic*) (together, the "Corporate Defendants"), both of which were *sua sponte* dismissed from the action by Judge Seybert – with prejudice as to federal claims but without prejudice to pursue valid state law claims in the appropriate forum – because they are private actors not subject to liability under Section 1983.  *See* June 6, 2017 Memorandum & Order (the "June 2017 Decision"), DE [10], at 5-7.

I.  Background

    A.  **Relevant Facts**

The following facts are taken from the parties' pleadings, declarations, exhibits, and Officer Matthews's Local Rule 56.1 statement,[2] the majority of which are in dispute. The allegations underlying this lawsuit relate to Plaintiff's 2016 arrest for robbery of a CVS pharmacy during which he claims he was subject to excessive force, sexual assault and battery.

Plaintiff alleges that on February 29, 2016, he was at a CVS Pharmacy located at 1160 Montauk Highway in Mastic, New York (the "CVS") for undisclosed reasons. *See* Compl. Section II. After Crews left the store, he claims that Rafat Sawat ("Mr. Sawat"), a CVS employee, approached him and, following an argument about stolen merchandise, pushed Crews to the ground and then hit him in the back. *See id.* Plaintiff contends that he was able to get up and flee on his bicycle, at which point he was "detained" by Officer Matthews, who "grabbed and then hit [him] in [his] testicles" after Crews refused a request to sit on the ground. *See id.* After allegedly being hit and subsequently falling to the ground, Plaintiff claims that Officer Matthews "tried to put the stick down … the back of [his] pants." *See id.* Crews states that he was then taken by Officer Matthews to the Seventh Precinct. *See id.* He further claims that during the incident he was called a "black monkey" and told that "all niggers need to stay on the reservation." *See id.*

---

[2] In light of Crews's *pro se* status, the Court excuses his failure to strictly comply with Local Rule 56.1 and instead considers the entire record for Plaintiff's factual assertions. *See Ige v. Command Sec. Corp.*, 99-cv-6916, 2002 WL 720944, at n. 2 (E.D.N.Y. Mar. 12, 2002) (construing facts contained in the plaintiff's memorandum of law and deposition testimony as a counter-statement of material facts).

2

On March 1, 2016, the morning after his arrest, Crews was transported to Suffolk County First District Court for arraignment, where Plaintiff reported on arrival that he had been "Raped by the Police." *See* Defendant's Local Rule 56.1 Statement ("Def.'s 56.1"), DE [46-1], ¶¶ 11-13, Ex. F.  As a result of his accusations, Crews was sent to Southside Hospital in Bayshore, New York for examination. *See id.*; *see also* Ex. G (the "Hospital Records").  At the hospital, Plaintiff complained of "scrotal pain," explaining that during his arrest "his scrotum was pulled by the arresting police officer" who also "tried to insert a stick in his rectum," but that he had no rectal pain because the insertion never occurred. *See* Hospital Records at 2. The physician's notes state that Crews was not in distress and that after the examination of his scrotum, he was released at his own request. *See id.* at 4.  With respect to the testicular exam, the notes state "[n]o pain on palpation or decrease of pain on elevation of scrotum." *Id.*

During his deposition, Crews reiterated his Complaint's assertions with respect to the grabbing and striking of his testicles. *See generally* Def.'s 56.1, Ex. H ("Deposition Transcript").  Specifically, Plaintiff testified that Officer Matthews: (i) "grabbed [his] testicles with his hand," *see* Deposition Transcript at 81:6-7; (ii) "hit [him] with the stick … [i]n the testicles," *see id.* at 81:12-15; and (iii) "hit him in the back." *See id.* at 81:16-17.  As for the "stick" in question, Crews stated that it "[l]ooked like a night stick, a club" that was made out of "[p]robably wood" that was "[b]lack." *See id.* at 84:5-12.  Plaintiff further testified that he did not defend himself against Officer Matthews because he was handcuffed.  *See id.* 83:23-84-4.  As for the

3

allegations surrounding the stick being put down the back of his pants in an attempt to insert it into his rectum, Crews conceded that this never occurred. *See id.* at 85:8-22.[3]

Defendant tells a different story. *See generally* Def.'s 56.1. Officer Matthews contends that on February 29, 2016, the CVS had approximately $260 of merchandise stolen from it. *See id.* ¶ 1; Ex. A, Suffolk County Police Department Incident Report ("SCPD Report"). Defendant asserts that Mr. Sawat witnessed Crews leaving the store with stolen items and pursued Plaintiff to recover the goods. *See* Defs.'s 56.1 ¶ 2; SCPD Report. When confronted by Mr. Sawat, Plaintiff purportedly brandished a knife. *Id.* Thus, Mr. Sawat called in the robbery to the Suffolk County Police Department, which dispatched officers David Rosante ("Officer Rosante") and Scot Devine ("Officer Devine") to the scene. *See* Def.'s 56.1 ¶¶ 3-4; SCPD Report. While en route to the CVS, Officers Rosante and Devine claim they spotted Crews, who matched Mr. Sawat's description of the culprit, at which point they put him under arrest, handcuffed him, and sat him on the ground. *See* Def.'s 56.1 ¶¶ 5-6, Exs. B & C. While detained, Plaintiff allegedly threatened to accuse Officers Rosante and Devine of sexual assault. *See id.* ¶ 8. Crews was subsequently driven by Officer Matthews to the Seventh Precinct for his arrest to be processed. *See id.* ¶ 10. Neither party explains why, how, or when Officer Matthews arrived at the scene of the arrest.

---

[3] Plaintiff's exact testimony was as follows: "And as I told you before, I don't know where they got that from. But I think it was in the report where it said he tried to put the stick down my pants. I never – with the rectum part and all of that, that is something that either the sergeant is – no." Deposition Transcript at 85:8-22.

4

In April 2016, approximately one month after the arrest, Officers Rosante and Devine each issued written statements – apparently under order from their Lieutenant in connection with an internal affairs investigation surrounding Plaintiff's arrest – reiterating that they responded to the call concerning the robbery of the CVS and arrested Crews. *See* Def.'s 56.1, Exs. B & C (Internal Correspondence signed by Officers Rosante and Devine). They claim that Plaintiff had a knife on him and was "belligerent and uncooperative." *See id*. Further, the officers contend that they: (i) never put any objects down Crews's pants; (ii) "did not squeeze or see anyone else squeeze [Plaintiff's] testicles;" (iii) did not call Crews any derogatory terms; and (iv) never heard Plaintiff claim he was sexually assaulted or injured in any way. *See id*.

In June 2016, Officer Matthews issued his own a written statement, seemingly in connection with the same internal affairs matter, stating that Crews was belligerent while being driven to the Precinct and claiming that "he was going to sue [them] and make false allegations that [they] raped him." *See id*., Ex. E. Defendant's statement does not confirm or deny whether any contact was made with Plaintiff's testicles. *See id*.[4]

On October 26, 2016, in connection with the foregoing incident, Crews was convicted in New York state court of Robbery in the First Degree pursuant to N.Y. Penal Law § 160.15. *See id*. ¶ 16; see also Related Case No. 19-cv-2091, DE [17], September 30, 2019 Memorandum and Order Denying Petition for Writ of Habeas

---

[4] It appears Officer Matthews was never deposed in this action and he did not submit any sworn declarations in connection with the instant motion.

5

Corpus (the "Habeas Decision"), at 8. On November 30, 2016, Plaintiff was sentenced to 17 years of incarceration plus five years of post-release supervision, in light of the court's finding that Crews was a "violent felony offender." *See* Habeas Decision at 8. Plaintiff unsuccessfully appealed his conviction to the New York State Appellate Division, Second Department and then the New York State Court of Appeals. *See id.* at 9-13. Thereafter, Crews filed a Petition for a writ of habeas corpus, asserting eleven grounds for relief. *See id.* at 14. On September 30, 2019, Judge Seybert denied the application in its entirety. *See generally id.*

### B.   Relevant Procedural History

As set forth above, Crews commenced this action on December 27, 2016. *See* DE [1]. Although the Complaint fails to explicitly delineate any causes of action, a liberal review of the record indicates that Plaintiff is asserting claims for excessive force pursuant to 42 U.S.C. § 1983, in addition to state law causes of action for sexual assault and battery. *See generally* Compl.; *see also* DE [28] ("the defendant used excessive force when he grabbed and hit me in my testicles and when I fell to the ground the defendant hit me in the back which … was … sexual assault and battery …").[5] Simultaneously with his Complaint, Crews filed a motion for leave to proceed *in forma pauperis*. *See* DE [2]. On June 6, 2017, Judge Seybert granted that application, while also *sua sponte* dismissing the Corporate Defendants from the

---

[5] Insofar as the Complaint could be construed to assert additional claims with respect to the allegations concerning the night stick and Plaintiff's rectum, Crews has unequivocally stated that he is not pursuing those. *See* November 8, 2018 Minute Order, DE [45], FTR Recording at 10:10-10:21 (Plaintiff stating on the record that the Complaint is not about "anal sexual assault" but instead concerns Officer Matthews "grabbing [his] testicles").

6

action. *See* June 2017 Decision; note 1, *supra*.[6] After Defendant filed his Answer on August 2, 2017, *see* DE [13], discovery commenced. *See* DE [16].

On January 26, 2018, Officer Matthews first sought leave to move for summary judgment dismissing any: (i) false arrest cause of action in light of Crews's conviction; and (ii) excessive force claim on the basis that any contact made during the Arrest was *de minimis*. *See* DE [26]. On February 2, 2018, Plaintiff opposed Defendant's request, stating that his Complaint did not assert a cause of action for false arrest, but instead focused on the purported attack by Officer Matthews during which he "grabbed" and "hit" Crews's testicles and back, which, according to Plaintiff, also constituted sexual assault and battery. *See* DE [28]. On February 8, 2018, Defendant withdrew his request to move for summary judgment. *See* DE [30]. Discovery continued thereafter until being closed on November 8, 2018. *See* DE [45].

Presently pending is Defendant's motion for summary judgment in which he argues that Plaintiff's Complaint should be dismissed because: (i) Crews cannot establish a cause of action for excessive force due to his admission that any contact was *de minimis*; and (ii) any claim of sexual assault is precluded by Plaintiff's deposition testimony conceding that he was not sexually assaulted. *See generally* Defendant's Memorandum of Law in Support of Motion ("Def.'s Mem."), DE [55-1]. As discussed below, the Court respectfully recommends denying the motion because factual disputes preclude judgment as a matter of law.

---

[6] Throughout this litigation, Plaintiff has filed numerous motions to appoint *pro bono* counsel on his behalf. *See* DEs [15], [32], [34], [37], [58]. Each application was denied without prejudice, with leave to renew when this case becomes trial ready. *See* DEs [18], [40], October 10, 2019 Electronic Order.

7

**II.     Legal Standards**

    **A.     Summary Judgment**

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The movant bears the burden of establishing that there are no issues of material fact such that summary judgment is appropriate. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004).

Once the movant has met his initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4

8

F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party"). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Artis v. Valls*, No. 9:10-cv-427, 2012 WL 4380921, at *6 n.10 (N.D.N.Y. Sept. 25, 2012) ("It is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment").

### B. *Pro Se* Filings

"On a motion for summary judgment, the Court must liberally construe a *pro se* litigant's complaint and read [his] supporting papers liberally, interpreting them to raise the strongest arguments that they suggest." *Robert v. Cent. Intelligence Agency*, 02-cv-6788, 2018 WL 1598611, at *4 (E.D.N.Y. Mar. 31, 2018), *aff'd*, 779 Fed. Appx. 58 (2d Cir. 2019) (internal quotation and citation omitted). Proceeding *pro se*, however, "does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Angulo v. Nassau County*, 89 F. Supp. 3d 541, 549 (E.D.N.Y. 2015) (quoting *Rodriguez v. Hahn,* 209 F.Supp.2d 344, 348 (S.D.N.Y. 2002)); *see also Kendrick v. Greenburgh Hous. Auth.*, 07-cv-5859, 2011 WL 1118664, at *4 (S.D.N.Y. Mar. 22, 2011) ("[I]n order to survive summary judgment a *pro se* plaintiff must abide by [applicable] evidentiary requirements which

9

means he must offer some hard evidence showing that his version of the events is not wholly fanciful.") (internal brackets, quotation, and citation omitted). To that end, "the Court has broad discretion to search the record in an effort to determine whether triable issues of material fact exist." *Stair v. Calhoun*, 12-cv-6121, 2016 WL 4991538, at *5 (E.D.N.Y. Sept. 16, 2016) (citing *McAfee v. Law Firm of Forster & Garbus*, 06-cv-2925, 2008 WL 3876079, at *3 (E.D.N.Y. Aug. 18, 2008) (collecting cases)).

### III.  Discussion

Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends denying Defendant's motion because triable issues of fact preclude summary judgment.

#### A.  Section 1983

As an initial matter, the Court notes that Crews's Complaint is brought pursuant to 42 U.S.C. § 1983, which provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

42 U.S.C. § 1983. Although Section 1983 itself does not create substantive rights, it does provide "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To prevail on a claim arising under 42 U.S.C. § 1983, a plaintiff must demonstrate: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Hawkins v. Nassau Cty. Corr. Facility*,

10

781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011) (citing 42 U.S.C. § 1983).  The traditional definition of "acting under color of state law" requires that the defendant exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

Here, there is no dispute that Officer Matthews was acting under color of state law when he partook in Plaintiff's arrest while on duty as a police officer.  *See, e.g.*, *Alexanian v. New York State Urban Dev. Corp.*, 554 F.2d 15, 17 (2d Cir. 1977) (a police officer arresting an individual constitutes acting under color of state law for Section 1983 purposes).  Thus, the crux of this litigation hinges on whether Officer Matthews violated Crews's civil rights during the arrest.

### B.    Excessive Force

Turning to the substance of Crews's contention that Officer Matthews used excessive force while arresting him, Defendant argues that any alleged grabbing or hitting of Plaintiff's testicles was *de minimis* and, as a result, permissible as a matter of law.  *See* Def.'s Mem. at 5-9.  The Court disagrees.

It is axiomatic that the Fourth Amendment – which protects citizens from unreasonable search and seizure, including the use of excessive force when executing an arrest – carries with it the right of law enforcement officials to use some degree of force when lawfully detaining an individual.  *Graham v. Connor*, 490 U.S. 386, 394-96, 109 S. Ct. 1865, 1871-72 (1989) ("*all* claims that law enforcement officers have used excessive force … in the course of an arrest … of a free citizen should be analyzed

11

under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original) (internal citation omitted). A constitutional violation occurs when the amount of force used is "objectively [un]reasonable in light of the facts and circumstances confronting [the police officers at the time], without regard to their underlying intent or motivation." *Id.* at 397, 109 S. Ct. at 1872 (internal quotations and citations omitted); *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015). This "test of reasonableness" requires the officers to consider whether the individual being detained presents a threat to the safety of the officer or others and whether he is actively resisting arrest or attempting to flee. *See Id*. The inquiry must be considered from the perspective of the reasonable officer on the scene at the moment the force was used. *Id*.

To that end, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers … violates the Fourth Amendment." *Graham*, 490 U.S. at 397, 109 S. Ct. at 1872. "Instead, the force used by the law enforcement officer must generally be more than *de minimis* for a claim to be actionable." *Antic v. City of New York*, 273 F. Supp. 3d 445, 458 (S.D.N.Y. 2017), *aff'd*, 740 Fed. Appx. 203 (2d Cir. 2018) (citing *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir. 1993)). The use of force, however, need not result in a severe injury to exceed the *de minimis* threshold. *Djangmah v. Falcione,* No. 08-cv-4027, 2013 WL 208914, at *7 (S.D.N.Y. Jan. 18, 2013), *report and recommendation adopted*, 2013 WL 1195261 (S.D.N.Y. Mar. 25, 2013) (citing *Pierre-Antoine v. City of New York*, 04-cv-6987, 2006 WL 1292076, at *3 (S.D.N.Y. May 9, 2006); *see also Murray v. Goord*, 668 F. Supp. 2d 344, 360 (N.D.N.Y.

2009) ("When evaluating excessive force claims, a court may consider the extent of the injury suffered by the inmate plaintiff. While relevant, it is not dispositive that a plaintiff does not suffer significant injury.") (citing *Hudson v. McMillian*, 503 U.S. 1, 4, 112 S. Ct. 995, 997 (1992)).

At the summary judgment stage – where the Court abstains from credibility determinations – disputed facts as to whether the use of force was objectively reasonable should generally be left for the jury to decide. *Djangmah*, 2013 WL 208914, at *7 ("If there are disputed facts, it is the jury's role to make credibility determinations and decide whether the use of force alleged was objectively unreasonable") (citing *Breen v. Garrison,* 169 F.3d 152, 153 (2d Cir.1999) ("The issue of excessive force … was for the jury, whose unique task it was to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct.") (internal citations omitted)). "As the Second Circuit has explained, because the reasonableness of the force is a fact-intensive inquiry, 'granting summary judgment … is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable.'" *Id.* (quoting *Amnesty Am.*, 361 F.3d at 123); *see also De Michele v. City of New York*, 09-cv-9334, 2012 WL 4354763, at *13 (S.D.N.Y. Sept. 24, 2012) (same). "In other words, the factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." *Amnesty Am.*, 361 F.3d at 123 (internal citations omitted).

13

Applying these standards, a reasonable jury could conclude that Officer Matthews used excessive force if they believe that he grabbed and struck Crews's testicles after he was handcuffed. *See* Deposition Transcript at 81:6-15, 83:23-84:4; c*f. Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) ("we have permitted a plaintiff's claim to survive summary judgment on allegations that, during the course of an arrest, a police officer twisted her arm, 'yanked' her, and threw her up against a car, causing only bruising") (internal citation omitted); *Pierre-Antoine*, 2006 WL 1292076, at *3 (repeatedly striking a subdued plaintiff constitutes objectively unreasonable use of force); *Johnson v. City of New York*, 05-cv2357, 2006 WL 2354815, at *5 (S.D.N.Y. Aug. 14, 2006) ("there surely would be no objective need to 'stomp' and 'kick' an individual already under police control").

Defendant relies on a slew of cases in support of his argument that the alleged use of force is *de minimis* as a matter of law. *See* Def.'s Mem. at 6-7. This contention misses the mark as the cited decisions are factually distinguishable from the instant case. *See, e.g.*, *Feaster v. City of Middletown*, 16-cv734, 2016 WL 10570984, at *4 (S.D.N.Y. Nov. 28, 2016) (alleged grabbing and yanking the plaintiff out of a vehicle and slamming the detainee chest-first against that vehicle fails to state a plausible claim for excessive force); *Owens v. City of New York*, 14-cv-966, 2015 WL 715841, at *2 (S.D.N.Y. Feb. 19, 2015) ("unspecified damage to a single tooth for which [the plaintiff] did not seek medical treatment for 548 days" constitutes *de minimis* force); *Evans v. Solomon*, 681 F. Supp. 2d 233, 252 (E.D.N.Y. 2010) (twisting of the plaintiff's arm while holding him forcefully in place, and handcuffing the plaintiff despite his

14

lack of resistance, do not rise above *de minimis* force). None of the authority relied on by Officer Matthews, however, renders the striking of a handcuffed detainee in the testicles *de minimis* as a matter of law.

Further, Officer Matthews's argument that Crews "must … have sustained an injury" to proceed with his excessive force claim is misplaced for several reasons. *See* Def.'s Mem at 5-7. Initially, Plaintiff *does* allege that the incident injured his testicles. *See, e.g.*, Compl., Section II(A) (claiming that his testicles continue to swell up and are sore from the force applied during the arrest). His assertion is substantiated by the fact that Crews sought medical treatment for the pain promptly upon his arrest. *See* Hospital Records; *see also Kendrick*, 2011 WL 1118664, at *4 (to survive summary judgment, a plaintiff "must offer some hard evidence showing that his version of the events is not wholly fanciful"). Thus, although a jury might ultimately conclude that the use of force was limited if they find that no serious injuries occurred, or that Crews suffered no compensable injury even if there was a violation of Plaintiff's civil rights, at this stage the record is sufficient to defeat summary judgment. *Cf. Pierre-Antoine*, 2006 WL 1292076, at *5 ("Certainly, the medical evidence makes it less likely that [the plaintiff] can prevail at trial, particularly because it does not reveal any severe injury; such evidence does not, however, entitle [the defendant] to judgment as a matter of law") (citing *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987)).

Moreover, as discussed above, although the extent of injuries suffered is *relevant* in considering whether an alleged use of force was excessive, that inquiry is

15

*not dispositive*, and a severe injury need not be claimed. *See Djangmah*, 2013 WL 208914, at *7; *Murray*, 668 F. Supp. 2d at 360. Thus, Defendant's reliance on *Amid v. Police Officer Thomas R. Lamb*, 14-cv-3151, 2016 WL 1070814, at *5 (E.D.N.Y. Mar. 15, 2016), for the proposition that *de minimis* injuries undermine excessive force claims, is belied by that decision's own holding. Indeed, where, as here, a police officer is alleged to have intentionally caused a plaintiff pain while handcuffed, that may suffice to establish an excessive force claim. *See id.* ("While Plaintiff's injuries were certainly not life-threatening, the Court does not agree that they were *de minimis*, particularly in light of the allegation that [the officer] purposefully and intentionally caused Plaintiff additional pain while handcuffed"). Given the totality of Crews's allegations, and as set forth above, a reasonable jury could conclude that striking Plaintiff's testicles after he was handcuffed was objectively unreasonable even in the absence of a serious injury.

Insofar as Officer Matthews seeks summary judgment in light of Plaintiff's evolving narrative, *see, e.g.*, DE [50], the Court reiterates that it is inappropriate to make credibility determinations at this juncture. *See Djangmah*, 2013 WL 208914, at *7 ("There is, to be sure, substantial reason to doubt the veracity of [the plaintiff's] rendition of the facts…. Nevertheless, the function of the Court at this juncture is not to resolve disputed facts; rather, it is to determine whether there are facts in dispute. If there are disputed facts, it is the jury's role to make credibility determinations and decide whether the use of force alleged was objectively reasonable"). In any event, although the record reflects the inconsistency of Plaintiff's allegations, his assertions

16

with respect to the force applied to his testicles has remained relatively consistent throughout these proceedings. *Compare* Compl. *with* Deposition Transcript. Accordingly, the Court respectfully recommends that summary judgment be denied as to Plaintiff's excessive force cause of action in light of the factual issues concerning whether Officer Matthews's alleged use of force to Crews's testicles actually occurred and, if so, whether it was excessive.

C. <u>**Sexual Assault and Battery**</u>

The Court further recommends that, insofar as the Complaint can be construed as asserting causes of action for sexual assault and battery, summary judgment should similarly be denied with respect to those claims.

"Assault and battery claims under New York law and Fourth Amendment excessive force claims are evaluated pursuant to the same standard." *Feaster v. City of Middletown*, 16-cv-734, 2016 WL 10570984, at *3 (S.D.N.Y. Nov. 28, 2016 (quoting *Cosby v. City of White Plains*, 04-cv-5829, 2007 WL 853203, at *6 (S.D.N.Y. Feb. 9, 2007) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991) ("except for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical.")); *see also Antic*, 273 F. Supp. 3d. at 458 (noting that courts measure claims for excessive force under federal law, and assault and battery under state law by the same "objective reasonableness" standard) (internal citations omitted).[7] Accordingly, because the record does not demonstrate that any alleged

---

[7] "A claim for sexual assault [in New York] may be framed as a claim for either assault or battery." *Nicholson v. Luce*, 55 A.D.3d 416, 866 N.Y.S.2d 52, 53 (2008) (collecting cases).

17

contact with Crews's testicles was objectively reasonable as a matter of law, the Court respectfully recommends denying Defendant's motion for summary judgment dismissing any sexual assault and battery claims for the same reasons that denial is appropriate with respect to the excessive force cause of action. *See* Section III(B), *supra*.

## IV. Conclusion

For the reasons set forth above, the Court respectfully recommends denying Defendant's motion for summary judgment.

## V. Objections

A copy of this Report and Recommendation is being served on Defendant by electronic filing on the date below. Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           November 21, 2019          /s/ Steven I. Locke
                                      STEVEN I. LOCKE
                                      United States Magistrate Judge